**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

ABEL HERNANDEZ TORRES

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

Case No. 5:26-cv-04062-DFM

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

On July 20, 2026, Petitioner Abel Hernandez Torres, a civil immigration detainee at the Adelanto ICE Processing Center, filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Petitioner contends that Respondents have unlawfully classified him as subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and he asks the Court to order an individualized bond redetermination hearing under 8 U.S.C. § 1226(a). See id. at 12-15. On July 28, 2026, Respondents filed an Answer. See Dkt. 9 ("Answer"). Respondents oppose Petitioner's immediate release based on his criminal history but state that they "are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time." Id. at 2. Petitioner did not file a reply. For the reasons set forth below, the Petition is **GRANTED** in part and **DENIED** in part.

## II. BACKGROUND

Petitioner is a native and citizen of Mexico. See Dkt. 9-1 ("Form I-213") at 1. He entered the United States without inspection on or about October 1991, at the age of six, and has resided here since. See Petition ¶ 19.

On February 9, 2017, immigration officers encountered Petitioner in the interior of the United States, outside a residence in Garden Grove, California, and took him into custody. See Form I-213 at 2. The Department of Homeland Security served Petitioner with a Form I-862 Notice to Appear charging him as "an alien present in the United States who has not been admitted or paroled" and as subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act (the "INA" or the "Act"). Dkt. 1-3 ("NTA") at 1; see also 8 U.S.C. § 1182(a)(6)(A)(i). The Notice to Appear does not designate Petitioner an arriving alien. See NTA at 1. On March 10, 2017, an immigration judge ("IJ") ordered Petitioner released on a bond of $5,000, and he was released. See Form I-213 at 3.

On May 12, 2026, Petitioner reported to the Enforcement and Removal Operations office in Santa Ana, California, for a scheduled check-in and was taken into custody. See Form I-213 at 1-2; Petition ¶ 19. The Form I-213 records the current administrative charge as "212a6Ai — ALIEN PRESENT WITHOUT ADMISSION OR PAROLE." Form I-213 at 2. It further records that Petitioner "will remain in ICE custody pending on-going removal proceedings and Custody Redetermination." Id. at 4. Petitioner has no final order of removal. See https://acis.eoir.justice.gov/en/ (search A-Number: "208-947-770," Nationality: "Mexico") (last accessed August 5, 2026) (noting that Petitioner's immigration case is pending with an in-person hearing scheduled for September 2, 2026 before IJ Curtis White).

On June 17, 2026, an IJ denied Petitioner's request for release. See Dkt. 1-2 ("Bond Decision") at 9. The denial rested on jurisdiction. The IJ found that

the Court "does not have authority, jurisdiction, and venue for custody redetermination pursuant to . . . Section 236(a) of the Immigration and Nationality Act," id. at 3, and that Petitioner "was detained under section 235(b)(2) of the Act, as an applicant for admission per section 235(a)(1) of the Act," id. at 4 (emphasis omitted). The decision states that the February 18, 2026 order in Maldonado Bautista vacating Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), "was stayed by the United States Court of Appeals for the Ninth Circuit." Id. at 5. The IJ did not decide whether Petitioner poses a danger or a flight risk. See id. at 9. The IJ made no finding that Petitioner is subject to mandatory detention under Section 236(c) of the Act. See id. at 5-6. The IJ likewise did not find that Petitioner falls outside the class certified in Maldonado Bautista; the corresponding provisions are unmarked. See id. at 3, 8. The Department of Homeland Security waived appeal; Petitioner reserved appeal, with an appeal due by July 17, 2026. See id. at 9. The record does not reflect that an appeal was filed.

The Petition asserts four claims. Count I alleges that applying 8 U.S.C. § 1225(b)(2) to Petitioner violates the INA. See Petition ¶¶ 38-40. Count II alleges that denying him a bond redetermination hearing violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. See id. ¶¶ 41-43. Count III alleges that Respondents' policy of applying § 1225(b)(2) to Maldonado Bautista Bond Eligible Class members is contrary to law and arbitrary and capricious under the Administrative Procedure Act. See id. ¶¶ 44-47. Count IV alleges that detention without a bond redetermination hearing to determine whether Petitioner is a flight risk or a danger to others violates the Due Process Clause of the Fifth Amendment. See id. ¶¶ 48-51.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

Although 8 U.S.C. § 1226(e) limits review of the Attorney General's discretionary custody judgments, it "does not limit habeas jurisdiction over constitutional claims or questions of law." Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011); see also Jennings v. Rodriguez, 583 U.S. 281, 294-95 (2018). Section 1226(e) provides that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). That bar "precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." Jennings, 583 U.S. at 295 (simplified).

Petitioner does not ask this Court to reweigh a discretionary custody determination. The IJ made no findings as to danger or flight risk. Petitioner instead raises a question of law: which statute authorizes his detention. Section 1226(e) does not bar review of that question.

### A. Counts I and II: Section 1226(a) and the Bond Regulations

In Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025), the court certified a "Bond Eligible Class" of: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." As discussed below, a Bond Eligible Class member is entitled to a bond hearing under 8 U.S.C. § 1226(a).

Entering final judgment, the Bautista court declared that Bond Eligible Class members "are detained under 8 U.S.C. § 1226(a) and are not subject to

mandatory detention under § 1225(b)(2)," and "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Maldonado Bautista v. Noem, No. 25-1873, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

The IJ's decision states that the order vacating Matter of Yajure Hurtado was stayed, without more. See Bond Decision at 5. But the Ninth Circuit stayed the Bautista final judgment only "insofar as [it] extends beyond the Central District of California." Maldonado Bautista v. United States Department of Homeland Security, No. 26-1044, Dkt. 17 (9th Cir. Mar. 6, 2026). This case arises and Petitioner is detained within the Central District of California, where the final judgment continues to operate.

Petitioner satisfies each element of the class definition. He is a noncitizen without lawful status. See NTA at 1. He entered without inspection in 1991 and was not apprehended upon arrival; he was encountered in the interior, first in Garden Grove in 2017 and again at a scheduled check-in in Santa Ana in 2026. See Form I-213 at 1-3; Petition ¶ 19. And at the time of the initial custody determination, Respondents charged Petitioner solely under 8 U.S.C. § 1182(a)(6)(A)(i); Respondents did not detain Petitioner under §§ 1226(c), 1225(b)(1), or 1231. See Form I-213 at 2; Bond Decision at 4. Petitioner is therefore detained under 8 U.S.C. § 1226(a).

In Rodriguez Vazquez v. Bostock, decided after both the IJ's decision and Respondents' Answer, the Ninth Circuit held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." --- F.4th ---, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026).

Detention under § 1226(a) carries a corresponding right of review. Section 1226(a) permits release on bond or conditional parole, see 8 U.S.C. § 1226(a)(2), and the implementing regulations authorize an IJ to redetermine

the custody and bond conditions imposed by the Department of Homeland Security at any time before a removal order becomes administratively final, see 8 C.F.R. § 1003.19(a); 8 C.F.R. § 1236.1(d)(1). The IJ's contrary jurisdictional ruling cannot stand, and Counts I and II are granted to the extent set forth below.

**B. Mandatory Detention Under Section 1226(c)**

The record raises, but does not resolve, whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), which would place him outside the Bond Eligible Class and, notwithstanding Rodriguez Vazquez, require his continued detention. See Rodriguez Vazquez, --- F.4th ---, 2026 WL 2196424, at *10 (mandatory detention under § 1226(c)(1)(E) of aliens who have committed a qualifying criminal act "implies that aliens who are present without admission, but who have not committed such a qualifying criminal act, remain subject to § 1226(a)").

The Form I-213 reports a May 16, 2007 conviction for drug possession and a December 13, 2019 arrest for obstructing police, listed as pending; the Petition states that the controlled-substance matter was dismissed. Compare Form I-213 at 3, with Petition ¶ 19. No record of conviction has been lodged. And § 1226(c)(1)(E) requires both inadmissibility under § 1182(a)(6)(A), (6)(C), or (7) and one of the offenses Congress enumerated; the record does not identify the statute of conviction or arrest.

The Court does not reach the question, for two reasons. First, the class definition turns on the detention authority applicable "at the time the Department of Homeland Security makes an initial custody determination." Respondents appears to have made that determination under Section 235(b)(2) of the Act and charged Petitioner solely under § 1182(a)(6)(A)(i). See Form I-213 at 2. They have never invoked § 1226(c), and the IJ made no such finding. Second, Respondents submitted the Form I-213 and nonetheless stated that

they are not opposing a bond hearing. See Answer at 2. Nothing in this Order establishes whether the reported drug matter produced a qualifying conviction, concedes that Petitioner is entitled to release, or restricts the evidence Respondents may present to the IJ concerning danger, flight risk, the amount of bond, or appropriate conditions of release. Those individualized questions remain for the IJ under the ordinary procedures governing a § 1226(a) custody redetermination.

### C. Counts III and IV: Administrative Procedure Act and Due Process

Count III challenges the same § 1225(b)(2)(A) classification as contrary to law and arbitrary and capricious under the Administrative Procedure Act. See Petition ¶¶ 44-47. Counts I and II afford the complete relief Petitioner requests: a bond redetermination hearing under § 1226(a). Because separate relief under the Administrative Procedure Act would not alter that remedy, the Court declines to reach Count III.

Count IV alleges that detention without a bond redetermination hearing violates due process. See id. ¶¶ 48-51. The Court's statutory and regulatory ruling supplies that hearing, and the Court therefore does not reach the alternative constitutional theory.

Petitioner's requests for an order to show cause and for an order barring his transfer outside this District are denied as moot in light of Respondents' Answer and the relief ordered below. See id. at 15. A separate declaration that Petitioner's detention is unlawful is unnecessary given the specific hearing relief ordered.

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED in part as to Counts I and II and DENIED in part as set forth below.

2. Within seven (7) days of the date of this Order, Respondents shall ensure that Petitioner Abel Hernandez Torres (A208-947-770) receives an individualized bond redetermination hearing before an immigration judge under 8 U.S.C. § 1226(a), 8 C.F.R. § 1003.19, and 8 C.F.R. § 1236.1, unless a continuance is granted at Petitioner's request. The hearing may not be denied on the ground that 8 U.S.C. § 1225(b)(2)(A) governs Petitioner's detention. The IJ shall otherwise apply the ordinary procedures governing a § 1226(a) custody redetermination and may consider all properly presented evidence bearing on danger, flight risk, the amount of bond, and conditions of release.

3. If the hearing is not held within seven (7) days, unless a continuance is granted at Petitioner's request, Respondents shall release Petitioner from custody under reasonable conditions of supervision;

4. The Court declines to reach Counts III and IV;

5. The Petition is DENIED to the extent it seeks immediate release from custody, an order to show cause, an order barring transfer outside this District, and separate declaratory relief;

6 . Respondents shall file a status report regarding their compliance with this Order within three (3) court days of the hearing or Petitioner's release, whichever occurs first; and

7. Any application for fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be filed in accordance with that statute.

Date: August 6, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge